**BACKES & HILL LLP**
Michael J. Conlan
3131 Princeton Pike
Building 5, Suite 114
Lawrenceville, NJ 08648
Phone: 609-396-8257
Facsimile:  609-895-2933
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK DAVID REID,<br><br>        Plaintiff,<br><br>vs.<br><br>HEARTLAND PAYMENT SYSTEMS, a Global Payment Company,<br><br>        Defendant. | Civil Action No.: 2:17-cv-04399-MMB<br><br>*Electronically Filed* |

**DEFENDANT HEARTLAND PAYMENT SYSTEM'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

Defendant Heartland Payment Systems, LLC (sued by Plaintiff as Heartland Payment Systems, a Global Payment Company) (hereinafter "Heartland") respectfully submits this memorandum of law in support of its Motion to Transfer Venue to the United States District Court for the District of New Jersey.

## PRELIMINARY STATEMENT

In March of 2016, Plaintiff Mark David Reid ("Plaintiff") signed a Relationship Manager Agreement (the "RM Agreement") with Heartland[1] in which he freely and voluntarily agreed to the personal and exclusive jurisdiction of United States District Court for the District of New Jersey over any suit, action or proceeding arising out of, or relating to that agreement.  On September 20, 2017, Plaintiff filed an action against Heartland in the Court of Common Pleas for Chester County Pennsylvania alleging breach of contract, fraudulent inducement and violation of the Americans with Disabilities Act.  That filing was in derogation of the forum-selection clause to which he freely agreed in the RM Agreement and the matter should be transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) in accordance with that agreement.

The United States Supreme Court has placed a heavy burden on any party seeking to avoid the application of a valid forum-selection clause.  Plaintiff will not be able to show that any public interest factors militate against transfer, or that the situation here is "unusual" or that "extraordinary circumstances" require that the matter be adjudicated in this district.  *See Atl.*

---

[1] Plaintiff signed the RM Agreement with Heartland Payment Systems, Inc.  In April 2016, Global Payments Inc. ("Global") completed a merger with Heartland Payment Systems, Inc. with Heartland Payment Systems, LLC ("Heartland") operating as the surviving entity (and as a subsidiary of Global).   Heartland Payment Systems, LLC is the successor in interest by merger to Heartland Payment Systems, Inc. By and through that merger, Heartland obtained all rights and obligations under the employment agreement with Plaintiff.

2

*Marine Const. Co., Inc. v. United States Dist. Court for the Western District of Texas*, 134 S. Ct. 568 (2013).  Under these circumstances, Plaintiff cannot meet the burden imposed by *Atlantic Marine* and the transfer motion should be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Heartland provides payment processing and other services to merchants primarily through sales employees called "Relationship Managers."  Plaintiff began his employment at Heartland as a Relationship Manager in March of 2015. (Compl. at ¶14).  At the time of Plaintiff's employment, he entered into an RM Agreement with Heartland which provided the terms and conditions of his employment with Heartland.  *See Exhibit A to the Declaration of Michael J. Conlan ("Conlan Dec.")*.

Under the RM Agreement, Plaintiff agreed to the choice-of-law and forum-selection clauses, which provide that:

> This Agreement shall be governed by, and construed in accordance with the laws of the State of New Jersey, without giving effect to conflict of law principles (*Id*. at ¶ 16);

> and,

> ***Any suit, action or proceeding arising out of or relating to this Agreement shall be brought only in a Superior Court of New Jersey or the United States District Court for the District of New Jersey*** and Employee hereby agrees and consents to the personal and exclusive jurisdiction of said courts over him or her as to all suits, actions and proceedings arising out of or related to this Agreement, and Employee further waives any claim that such suit, action or proceeding is brought in an improper or inconvenient forum. (*Id*. at ¶ 17) (emphasis added).

In signing the RM Agreement Plaintiff further agreed that:

> HE/SHE HAS CAREFULLY READ AND UNDERSTANDS THE FOREGOING AGREEMENT AND FREELY AND VOLUNTARILY CONSENTS TO ALL OF THE TERMS AND CONDITIONS HEREIN, AND THAT HE/SHE SIGNS THE SAME AS HIS/HER OWN FREE ACT.

> EMPLOYEE FURTHER ACKNOWLEDGES THAT THIS AGREEMENT WAS DRAFTED BY COUNSEL TO HPS, THAT HE HAS BEEN GIVEN THE OPPORTUNITY TO CONSULT COUNSEL OF HIS OWN CHOOSING AND HAS EITHER DONE SO OR VOLUNTARILY CHOSEN NOT TO DO SO PRIOR TO HIS EXECUTION HEREOF, AND THAT FAILURE TO CONSULT WITH COUNSEL MAY HAVE ADVERSE CONSEQUENCES TO EMPLOYEE.

(*Id.*)

Plaintiff's employment with Heartland was terminated in November of 2016. (Compl. at ¶121).

On September 20, 2017, Plaintiff filed suit against Heartland in the Court of Common Pleas for Chester County Pennsylvania alleging breach of contract, fraudulent inducement and violation of the Americans with Disabilities Act. On October 3, 2017, Heartland removed the action from the Court of Common Pleas to this District.

## LEGAL ARGUMENT

### I. STANDARD OF REVIEW

28 U.S.C. § 1404(a), which governs a motion to transfer venue, provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden is on the movant to establish the propriety of a change of venue. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)); *see also Hoffer v. InfoSpace.com. Inc.*, 102 F. Supp. 2d 556, 572 (2000) (the movant must "show the proposed alternate forum is not only adequate, but also more appropriate than the present forum"); *Larami Ltd. v. Yes! Entm't Corp.*, 244 B.R. 56, 61 (D.N.J. 2000) (citing *Shutte*, 431 F.2d at 25) ("The moving party has the burden of demonstrating by a preponderance of the evidence that transfer is appropriate").

In the absence of a forum selection clause, when ruling on § 1404(a) motions, courts consider both private and public interests. *Jumara*, 55 F.3d at 879. Private interests include the

4

plaintiff's choice of forum, the defendant's forum preference, where the claim arose, the convenience of the parties and witnesses, and the location of the evidence. *Id*. Public interests, include the enforceability of the judgment, practical and administrative considerations bearing on the expedience of the trial, local interests in deciding local controversies at home, public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases. *Id*. at 879-80.

The "calculus changes, however, when the parties contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atlantic Marine*, 134 S. Ct. at 581 (2013). Thus, the Supreme Court has held that "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Id.* Thus, where, as here, there is a valid forum-selection clause, "a district court's usual § 1404(a) analysis is adjusted." *Saladworks, LLC v. Sottosanto Salads, LLC*, 2014 WL 2862241 (E.D. Pa. June 23, 2014) (forum-selection clause controls).

First, where a forum-selection clause is present, "courts may accord no weight to a party's chosen forum." *Id.* And, second, a court cannot consider "arguments about the parties' private interests." *Atlantic Marine*, 134 S. Ct. at 581 (2013). As the Supreme Court unanimously held, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atlantic Marine*, 134 S. Ct. at 582.

Indeed, in the face of a forum selection provision, a court must "deem the private-interest factors to weigh entirely in favor of the preselected forum," as "'[w]hatever inconvenience [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting.'" *Id*. (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17-18 (1972)).

5

Therefore, when considering a motion to transfer in a case where a forum-selection clause is present, "a district court may consider arguments about public-interest factors only." *Id*. Even then, however, "forum-selection clauses should control except in unusual cases." *Id*.; *see also ABC Med. Holdings, Inc. v. Home Med. Supplies, Inc.*, No. 15-2457, 2015 WL 5818521, at *8 (E.D. Pa. Oct. 6, 2015) (quoting *Atlantic Marine*, 134 S. Ct. at 581).

Thus, Plaintiff should not be heard to argue that his private interests demand that the case remain in this district. In *Manufacturers & Traders Trust Co. v. Minuteman Spill Response, Inc.*, 999 F. Supp. 2d 805, 813 (W.D. Pa. 2013), the court, in reliance on *Atlantic Marine*, enforced the forum-selection clause agreed to the in contract over defendant's objection. The defendant argued that the forum selection clause was "just one factor" and asked the court to consider private interests and convenience, but the court held that "[a]ccording to recent Supreme Court jurisprudence…all of [those] considerations are irrelevant." *Id*. The court also held, as should the Court here:

> Minuteman does not argue that the forum selection agreement was the result of fraud, nor has it shown that enforcing the agreement would violate public policy or seriously inconvenience the parties. The fact that Minuteman freely consented to venue in this district—along with the fact that there are no public interest factors weighing in favor of a transfer of venue—leads this Court to conclude that the parties should remain bound by their agreement.

*Id*. (internal citations omitted); *see also Ghannoum v. Qatar Airways Q.C.S.C.*, No. h-13-2994, 2014 WL 4354436, at *2 (S.D. Tex. Sept. 2, 2014) (under *Atlantic Marine*, "the court is not to consider arguments about the parties' private interests" when they have agreed to a forum selection clause.).

II.     **PUBLIC INTERESTS FAVOR THIS VENUE**

Under *Atlantic Marine*, 134 S. Ct. at 582, public interest factors are the only considerations which can overcome the effect of the forum-selection clause present in the RM Agreement. And,

6

even then, public-interest factors will "rarely defeat" a motion to transfer to the venue preselected by the parties via contract." *Id.*

Courts consider various public interest factors in deciding whether a case should be transferred pursuant to a valid forum-selection clause. Those factors include the enforceability of the judgment, administrative considerations bearing on the expediency of the trial, local interests in deciding local controversies at home, public policies of the fora, and the familiarity of the trial judge with the applicable state law. *See Jumara*, 55 F.3d at 879-80. Here, these factors militate unequivocally for transfer to the District of New Jersey in accordance with the terms of the RM Agreement.

First, as the RM Agreement underlying this lawsuit contains a choice of law provision, New Jersey law will govern the claims alleged regardless of the venue. *See* Ex. A at ¶16. It is thus important that the New Jersey District Court preside over this dispute, as it has more experience with and understands New Jersey law. *See, Fernandes v. Deutsche Bank Nat'l Tr. Co.*, 157 F. Supp. 3d 383, 391 (D.N.J. 2015) (public interest supports New Jersey forum because "this New Jersey federal Court possesses greater familiarity with that applicable law").

Second, there is no indication that the public policies of Pennsylvania or New Jersey favor litigation in one jurisdiction over the other. Third, there is no reason to believe that a New Jersey court would be unable to hear this dispute in a timely manner for practical or administrative reasons. Last, there is no legitimate question that any judgment would be enforceable in New Jersey.

At bottom, Plaintiff will not be able to marshal any public interest argument that will overcome the "controlling weight" of the forum-selection clause. *See DePuy Synthes Sales, Inc. v. Edwards*, 23 F. Supp. 3d 472, 481 (E.D. Pa. 2014) ("Edwards's arguments for transfer relate exclusively to private interests which the court may not consider: he does not allege that the public interest favors a California forum, nor do I see why that might be the case. Accordingly, in light

of the valid, exclusive forum selection clause and the absence of public interest factors which might overcome the forum selection clause, I will not transfer the motion.").

Moreover, Plaintiff will not be able to demonstrate any "extraordinary circumstances unrelated to the convenience of the parties" sufficient to overcome transfer to the agreed upon forum. *See Atlantic Marine*, 134 S. Ct. at 581; *ABC Med. Holdings*, 015 WL 5818521, at *8. Because no compelling public interest or extraordinary circumstance is present this Court should grant the motion to transfer.

## **CONCLUSION**

For the foregoing reasons, Heartland respectfully requests that this Court grant its Motion to Transfer Venue to the United States District Court for the District of New Jersey.

Respectfully Submitted,

Date: October 4, 2017    By:    */s/ Michael J. Conlan*
**BACKES & HILL LLP**
Michael J. Conlan
3131 Princeton Pike
Building 5, Suite 114
Lawrenceville, NJ 08648
Phone: 609-396-8257
Facsimile: 609-895-2933
*Attorneys for Defendant*